UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AREF AHMED, | : |
| | : |
|     Petitioner | : |
| | : |
|     v. | :   CIVIL NO. 3:CV-06-1221 |
| | : |
| CAMERON LINDSAY, | :   (Judge Kosik) |
| | : |
|     Respondent | : |

**Memorandum and Order**

**Background**

    Aref Ahmed filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while an inmate confined at the United States Penitentiary at Canaan, Pennsylvania. In the petition, he challenges the decision by the Federal Bureau of Prisons (BOP) to approve his transfer to a halfway house for a period of 90 days, rather than 120 days, which he alleges was originally recommended.[1] He has paid the required filing fee. Petitioner maintains that this decision was an act of retaliation against him for filing grievances regarding his RRC placement, in violation of his Constitutional rights. As relief, he seeks an order directing the BOP to "reinstate" his RRC release plan from 90 days to 120 days. Petitioner has also filed a document entitled "Memorandum of Law in Support of a Temporary Restraining Order" (Doc. 3.) This document will be construed as a combined motion and brief for temporary restraining order. In the motion, Plaintiff seeks an order preventing the BOP

---

[1] Halfway houses for federal inmates were formerly referred to by the BOP as "Community Corrections Centers." They are now referred to as "Residential Reentry Centers" ("RRC").

from retaliating against him for filing this habeas corpus petition by further reducing his CCC release date of August 11, 2006.  (Doc. 3 at 1.)  An Order to Show Cause was issued on June 23, 2006, directing Respondent to file a response to the petition within twenty (20) days.  (Doc. 6.)  A response to the petition and opposition to the motion for temporary restraining order were subsequently filed by Respondent.[2]  (Docs. 7, 11.)  On July 21, 2006, "Petitioner's Waiver of a Reply to the Government's Answer" was filed.  (Doc. 12.)  For the reasons that follow, the petition will be dismissed as moot.

**Discussion**

Federal law provides for the placement of federal prisoners in non-prison sites such as halfway houses prior to the conclusion of their sentences to allow the prisoners an opportunity to adjust to the community prior to release.  This "pre-release custody" is governed by 18 U.S.C. § 3624(c), which provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) provides that:

> The [BOP] shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau .... The Bureau may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another.

Various factors as set forth in § 3621(b) including the resources of the facility contemplated, the nature and circumstances of an inmate's offense, the history and characteristics of the inmate, and

---

[2] On July 13, 2006, an Order was issued granting a motion filed by Respondent to submit an exhibit in support of their response under seal.  (Doc. 10.)

2

any statement by the sentencing court concerning a placement are to be taken into consideration by the BOP in making transfer decisions. See § 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).

Petitioner was convicted in the Western District of New York of conspiracy to commit money laundering and trafficking in contraband cigarettes. On July 26, 2005, he was sentenced to a term of 37 months imprisonment followed by a 3 year term of supervised release. He is currently projected to be released on November 8, 2006 via Good Conduct Time release. Petitioner challenges the BOP's decision approving his transfer to a halfway house for a period of 90 days rather than 120 days. He claims that he was originally recommended for 120 days, but that because he filed a grievance challenging his CCC placement, his period was reduced to 90 days in retaliation for his exercising of First and Fourteenth Amendment rights. As relief in the petition, he does not seek anything other than an order directing the BOP to "reinstate" his release plan from 90 to 120 days.

In responding to the petition, Respondent states that Petitioner has failed to exhaust his required administrative remedies pursuant to the BOP three-level administrative review process. See 28 C.F.R. § 542.10, et seq. Even if he had exhausted, Respondent contends that Petitioner has no right to be incarcerated in any particular institution and, more importantly, the record fully supports a rational basis for the decision of 90 days CCC placement.

The court finds that it is unnecessary to address Respondent's arguments because the petition is moot. Petitioner filed his Waiver of Reply to the Response in July of 2006. According to documents in the record, a CCC placement was scheduled to occur in August of 2006. In view of the passage of time, the court made a telephone call to USP-Canaan to inquire as to whether Petitioner had in fact been transferred to a halfway house since his last filing. He has not notified this court as to any change in address. The court was informed, however, that Petitioner was no longer at USP-

Canaan, but rather is currently at Community Corrections Management - Detroit ("CCM-Detroit"). Since it appears that Petitioner has been transferred to a community corrections center, the relief he requests in the instant petition is moot.[3]

**ACCORDINGLY, THIS 11th DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to change Petitioner's address in the docket to CCM-Detroit.

2. The petition for writ of habeas corpus is dismissed as **MOOT**.

3. Petitioner's motion for temporary restraining order (Doc. 3) is denied as **MOOT**.

4. The Clerk of Court is directed to close this case.

                                            s/Edwin M. Kosik
                                            United States District Judge

---

[3] Even if the petition were not moot, Respondent's arguments are well-taken with regard to both exhaustion and the merits of the petition. While Petitioner argues that exhaustion is not required because it would be futile, the court disagrees. It appears clear that in the instant action Petitioner is challenging the specific application of 18 U.S.C. §§ 3621(b) and 3624(c) to his situation and not their validity. See Woodall, 432 F.3d 235 (3d Cir. 2005). The record fully supports the fact that Petitioner has not exhausted his claims through the BOP's administrative remedy program set forth in 28 C.F.R. § 542.10, et seq. Further, the documentation set forth in the record reveals that even if Petitioner had exhausted, a rational basis exists in the record for finding that the BOP adequately considered Petitioner for CCC placement in accordance with the relevant statutory sections. The record supports a finding that the BOP made an individualized assessment of Petitioner's needs taking into consideration those required factors enumerated in §3621(b), and fails to set forth any basis establishing that Respondent engaged in any type of retaliation in arriving at a 90 day CCC placement decision.